UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED COMMUNITY BANK, AS SUCCESSOR TO COMMUNITY BANK<br><br>Plaintiff,<br><br>VERSUS<br><br>M/V BASELINE EXPLORER (EX-M/V MR ED), OFFICIAL NO. 1247878, ALONG WITH HER ENGINES, TACKLE, APPAREL, BOILERS, FURNITURE, EQUIPMENT, APPURTENANCES, ETC., *IN REM*<br><br>Defendant. | CIVIL ACTION<br><br>NO.<br><br>SECTION<br>JUDGE<br><br>DIVISION<br>MAGISTRATE |

## **VERIFIED COMPLAINT *IN REM*<br>TO ENFORCE PREFERRED SHIP MORTGAGE**

**MAY IT PLEASE THE COURT:**

Plaintiff, United Community Bank, as Successor to Community Bank, for its Verified Complaint respectfully represents as follows:

### THE PARTIES

1.   Plaintiff, United Community Bank, as Successor to Community Bank ("UCB"), is a bank organized under the laws of the State of Louisiana and doing business in the State of Louisiana.

2.   The documented United States vessel, the M/V BASELINE EXPLORER (EX-M/V MR ED), bearing Official No. 1247878 (the "Vessel"), is owned by Mr. Ed, L.L.C.,

a Louisiana limited liability company. The Vessel is currently located within the Eastern District of Louisiana and the jurisdiction of this Court.

3. This is an action against the Vessel, her engines, tackle, apparel, boilers, equipment and appurtenances, etc., *in rem*, to recognize the Preferred Ship Mortgage and maritime lien over the Vessel in favor of UCB.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §1333 in that this action is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules For Certain Admiralty and Maritime Claims.

5. Venue is proper in this district because the Vessel is located within this district, as required by 28 U.S.C. §1391(b).

## FACTUAL ALLEGATIONS

6. Mr. Ed, L.L.C. executed a Promissory Note dated August 27, 2013, in the original principal amount of $3,400,000.00, in favor of UCB (the "Note").

7. The Note, as amended, along with an accompanying multiple indebtedness mortgage, commercial guarantees and pledge agreement, established a borrowing relationship under which Mr. Ed, L.L.C. and its principals became indebted to UCB.

8. To secure all obligations, debts and liabilities of Mr. Ed, L.L.C. to UCB, including but not limited to the payment of all sums due under the Note, as amended, Mr. Ed, L.L.C., as mortgagor, duly executed and delivered to UCB, as mortgagee, a Preferred Ship Mortgage, dated as of August 27, 2013, on the Vessel, her engines, tackle, apparel, etc., up to a

maximum principal amount of $50,000,000, all as more fully described therein. A copy of the preferred ship mortgage recorded on the Vessel (the "Ship Mortgage") is attached hereto as Exhibit "A" and incorporated herein by this reference.

9. The Ship Mortgage was received for recordation by the U.S. Coast Guard at its National Vessel Document Center, on or about August 28, 2013, and recorded in Batch Number 14124400, Doc ID 5. Recordation of the Ship Mortgage is evidenced in the abstract of title dated May 17, 2017, attached hereto as Exhibit "B."

10. Upon information and belief, at the time the Ship Mortgage was executed, the Vessel was, and still remains, duly documented and enrolled under the laws of the United States, having its hailing port in New Orleans, Louisiana.

11. All of the acts and things required to be done by 46 U.S.C. § 31322, in order to give the Ship Mortgage the status of a first preferred ship mortgage, were done or caused to be done, by UCB or by the U.S. Coast Guard.

12. Under the Note, as amended, the failure to make any payment when due under the Note is an event of default.

13. The Note, as amended, is in default because, among other things, Mr. Ed, L.L.C. failed to make any payment due since August 11, 2016.

14. The Note, as amended, provides that in the event Mr. Ed, L.L.C. fails to pay any principal or interest when due under the Note, then all sums due thereunder, including without limitation the unpaid amount, shall at once become due and payable at the option of UCB. Because Mr. Ed, L.L.C. failed to make a payment of principal and/or interest due under the Note, as amended, all sums due thereunder have been and are immediately due and payable.

{N3341469.1}

15. In the event of a default, the Note, as amended, further provides for the recovery of the unpaid principal balance then outstanding under the Note, plus accrued interest, together with reasonable attorneys' fees, costs, expenses and other fees and charges as provided in the Note, as amended.

16. As of June 23, 2017, the following amounts are due and owing on the Note, as amended: principal in the amount of $3,102,350.09; late fees in the amount of $1,200.00; accrued interest pursuant to the Note; and reasonable attorneys' fees, costs, expenses and other fees and charges as provided in the Note. The amounts due and owing continue to accrue daily.

17. Despite amicable demand, the Note, as amended, and aforementioned amounts due thereunder have not been paid in full.

18. Default under the Note, as amended, as specified above, is an event of default under the Ship Mortgage entitling UCB to exercise its rights thereunder.

19. The Vessel is currently located in the jurisdiction of this Court at New Generation Shipyard, 440 Browning Ct., Houma, LA 70363.

**COUNT I**

20. UCB realleges each of the allegations of paragraphs 1 through 19 above, as if set forth in full herein.

21. UCB is the holder and owner of the Note and the Ship Mortgage, and has the right to enforce and collect the obligations evidenced by the Note and to enforce the Ship Mortgage.

22. Because Mr. Ed, L.L.C. has defaulted under the Note, constituting an event of default under the Ship Mortgage as specified above, UCB is entitled to have the lien and encumbrances of the Ship Mortgage recognized and enforced as a valid Preferred Ship Mortgage

against the Vessel and for such other legal and equitable relief as is just and due under admiralty and maritime jurisdiction.

## COUNT II

23. UCB realleges each of the allegations of paragraphs 1 through 22 above, as if set forth in full herein.

24. Pursuant to the United States Code and the local rules of this Court, notice of these proceedings must be given to the owner or master of the Vessel and all persons who have recorded lien(s) with the U.S. Coast Guard, and UCB requests that the Court order such notification to be made to such persons by certified mail, delivered to their last known address on file with the United States Coast Guard.

25. An Affidavit by UCB's authorized representative verifying the facts of this Complaint is attached as Exhibit "C."

26. Pursuant to local rule, UCB agrees to hold harmless and indemnify the U.S. Marshal and all of its deputies from any and all liability as a result of seizing the Vessel.

**WHEREFORE**, plaintiff, United Community Bank, as Successor to Community Bank, prays:

1. That process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure issue against the M/V BASELINE EXPLORER (EX-M/V MR ED), bearing Official No. 1247878, her engines, tackle, apparel, boilers, equipment and appurtenances, etc., *in rem,* and that all persons having or claiming any interest therein be cited to appear in and answer, under oath, all and singular the matters aforesaid, that the Ship Mortgage in favor of United Community Bank, as Successor to

Community Bank, be declared to be a valid and subsisting lien upon the said M/V BASELINE EXPLORER (EX-M/V MR ED), engines, tackle, apparel, boilers, equipment and appurtenances, etc., *in rem,* and that the said M/V BASELINE EXPLORER (EX-M/V MR ED) be seized and sold to satisfy amounts owed to United Community Bank, as Successor to Community Bank, as set forth herein;

2. For judgment *in rem* against the M/V BASELINE EXPLORER (EX-M/V MR ED), as provided by 46 U.S.C. §31326, in the full amount due as set forth herein, including prejudgment interest, costs, expenses and attorneys' fees;

3. That any property attached in this proceeding be sold under the direction of this Court, and that the proceeds of the sale be deposited with the Court to satisfy amounts owed to United Community Bank, as Successor to Community Bank, under the Note, as amended;

4. That notice of these proceedings be given to the owner or master of the M/V BASELINE EXPLORER (EX-M/V MR ED) and all persons who have recorded lien(s) with the U.S. Coast Guard by certified mail, delivered to their last known address on file with the U.S. Coast Guard; and

5. That this Court grant United Community Bank, as Successor to Community Bank, such other and further relief which it may deem just and proper.

{N3341469.1}

June 26, 2017.

        Respectfully submitted:

        */s/ William C. Baldwin*
        WILLIAM C. BALDWIN, T.A. (#31613)
        MARK A. MINTZ (#31878)
        CATHERINE C. DARDEN (#35090)
        JONES WALKER LLP
        201 St. Charles Avenue, 48th Floor
        New Orleans, Louisiana  70170-5100
        Telephone:  (504) 582-8315
        Facsimile:   (504) 589-8315
        wbaldwin@joneswalker.com
        mmintz@joneswalker.com
        kdarden@joneswalker.com
        ***Attorneys for United Community Bank, as Successor to Community Bank***